UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

RODERICK SKINNER,

                Petitioner,

v.

STATE OF NEVADA, *et al.*,

                Respondents.

Case No. 3:24-cv-00543-ART-CLB

ORDER

Paroled *pro se* Petitioner Roderick Skinner commenced this action by filing a Petition for Writ of Habeas Corpus under 28 U.S.C. 2254 ("Petition" (ECF No. 1-1)). The Court ordered Skinner to resolve the filing fee, and he timely complied. (ECF Nos. 3; 5.) This matter is before the Court for initial review under the Rules Governing Section 2254 Cases and on Skinner's Motion for Appointment of Counsel ("Motion" (ECF No. 4)).[1] The Court will deny the Motion, dismiss the Petition for lack of jurisdiction, and direct the Clerk of Court to close this case.

Pursuant to Habeas Rule 4, the assigned judge must examine the habeas petition and order a response unless it "plainly appears" the petitioner is not entitled to relief. *See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019). The rule allows courts to screen and dismiss petitions that are patently frivolous, vague, conclusory, palpably incredible, false, or plagued by procedural defects. *See Boyd v. Thompson*, 147 F.3d 1124, 1128 (9th Cir. 1998).

Skinner's Petition challenges a September 10, 2014, state conviction and sentence imposed by the Second Judicial District Court for Washoe County, Nevada, in Case No. CR 14-0644. ECF No. 1-1 at 1. Skinner pleaded guilty to

---

[1] All references to a "Habeas Rule" or the "Habeas Rules" in this Order identify the Rules Governing Section 2254 Cases in the United States District Courts.

1

promotion of a sexual performance of a minor, age 14 or older, and was sentenced to five years to life imprisonment. *Id.* at 2. In the Petition, Skinner alleges appellate and postconviction counsel provided ineffective assistance during the underlying state court proceedings. Skinner, however, previously filed a federal habeas petition raising claims stemming from the same state judgment and federal habeas relief was denied on the merits in 2023. *See Skinner v. Russell*, Case No. 3:21-cv-00318-MMD (ECF No. 48).

The Antiterrorism and Effective Death Penalty Act ("AEDPA") generally limits habeas petitioners to one round of federal habeas review. 28 U.S.C. § 2244. A petition is second or successive if it attacks the same judgment of conviction as a prior federal petition that was decided on its merits and raises claims based on facts that had occurred by the time of the prior petition. *Brown v. Muniz*, 889 F.3d 661, 667 (9th Cir. 2018), *cert. denied sub nom. Brown v. Hatton*, 139 S.Ct. 841, 202 L.Ed.2d 610 (2019) ("It is now understood that a federal habeas petition is second or successive if the facts underlying the claim occurred by the time of the initial petition, . . . and if the petition challenges the same state court judgment as the initial petition. . . .").

The present Petition raises claims that are based on facts that had occurred before the 2023 decision on the merits of the prior federal petition and attacks the same judgment of conviction. Therefore, the Petition is a second or successive petition. Skinner is required to secure permission from the Ninth Circuit Court of Appeals before he may file a second or successive § 2254 habeas petition. *See Brown*, 889 F.3d at 667 (acknowledging that under § 2244(b)(3), federal district courts lack jurisdiction to entertain a petitioner's successive habeas petition absent permission from the court of appeals to do so). Skinner does not indicate, and it does not appear, that he has received authorization from the Ninth Circuit Court of Appeals to file a second or successive petition. The Petition must therefore be dismissed for lack of jurisdiction as second or successive.

**IT IS THEREFORE ORDERED** that:

1. Petitioner Roderick Skinner's petition for writ of habeas corpus (ECF No. 1-1) is dismissed without prejudice.
2. A Certificate of Appealability is denied because jurists of reason would not find debatable whether the Court is correct in dismissing this action.
3. Petitioner's Motion for Appointment of Counsel (ECF No. 4) is denied as moot.
4. The Clerk of Court is directed, under Rule 4 of the Rules Governing Section 2254 Cases, to conduct informal electronic service upon the respondents by adding Nevada Attorney General Aaron D. Ford as counsel for the respondents and provide the respondents an electronic copy of all items previously filed in this case by regenerating the Notice of Electronic Filing to the office of the Attorney General only.
5. No response is required from the respondents other than to respond to any orders of a reviewing court.
6. The Clerk of Court is directed to enter judgment accordingly and close this case.

Dated this 6th day of January, 2025.

_____
ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE